**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TRINSUM GROUP, INC., f/k/a<br>MARAKON ASSOCIATES, INC. and<br>INTEGRATED FINANCE LIMITED, LLC,<br><br>      Debtors. | **NOT FOR PUBLICATION**<br><br>Case No. 08-12547 (MG)<br><br>(Jointly Administered) |
| MARIANNE T. O'TOOLE, as Distributing<br>Agent for the Estates of Trinsum Group, Inc.<br>and Integrated Finance Ltd, LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>JAMES McTAGGART, BRIAN<br>BURWELL, RONALD LANGFORD,<br>KENNETH FAVARO, JOSE LUIS DAZA,<br>DAVID DEMING, NEAL KISSEL,<br>MASON KISSELL, ROBERTO<br>MENDOZA, ROBERT MERTON, AND<br>EUGENE SHANKS, JR.,<br><br>      Defendants. | Adv. Pro. Case No. 11-01284 (MG) |
| MARIANNE T. O'TOOLE, as Distributing<br>Agent for the Estates of Trinsum Group, Inc.<br>and Integrated Finance Ltd, LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>ESTATE OF WILLIAM ALBERTS, and<br>PATRICIA ALBERTS and ROBERT J.<br>MILLER, in their capacities  as co-executors<br>of the estate of William Alberts,<br><br>      Defendants. | Adv. Pro. Case No. 10-03282 (MG) |

MARIANNE T. O'TOOLE, as Distributing
Agent for the Estates of Trinsum Group, Inc.
and Integrated Finance Ltd, LLC,

                    Plaintiff,

       v.                         Adv. Pro. Case No. 10-03299 (MG)

ERIC ARMOUR,

                    Defendant.

MARIANNE T. O'TOOLE, as Distributing
Agent for the Estates of Trinsum Group, Inc.
and Integrated Finance Ltd, LLC,

                    Plaintiff,

       v.                         Adv. Pro. Case No. 10-03300 (MG)

ESTATE OF CRAIG BEST, and DANILYN
RUTHERFORD, in her capacity as executor
of the estate of Craig Best,

                    Defendants.

MARIANNE T. O'TOOLE, as Distributing
Agent for the Estates of Trinsum Group, Inc.
and Integrated Finance Ltd, LLC,

                    Plaintiff,

       v.                         Adv. Pro. Case No. 10-03311 (MG)

ESTATE OF SIMON OZANNE and
JENNIFER OZANNE, in her capacity as
executor of the estate of Simon Ozanne,

                    Defendants.

MARIANNE T. O'TOOLE, as Distributing
Agent for the Estates of Trinsum Group, Inc.
and Integrated Finance Ltd, LLC,

                    Plaintiff,

        v.                                      Adv. Pro. Case No. 10-03301 (MG)

DOMINIC DODD,

                              Defendant.

---

MARIANNE T. O'TOOLE, as Distributing
Agent for the Estates of Trinsum Group, Inc.
and Integrated Finance Ltd, LLC,

                    Plaintiff,

        v.                                      Adv. Pro. Case No. 10-03302 (MG)

PAUL FAVARO,

                              Defendant.

---

MARIANNE T. O'TOOLE, as Distributing
Agent for the Estates of Trinsum Group, Inc.
and Integrated Finance Ltd, LLC,

                    Plaintiff,

        v.                                      Adv. Pro. Case No. 10-03303 (MG)

MICHAEL SCOTT GILLIS,

                              Defendant.

MARIANNE T. O'TOOLE, as Distributing
Agent for the Estates of Trinsum Group, Inc.
and Integrated Finance Ltd, LLC,

                         Plaintiff,

      v.

RAMESH KARNANI,

                     Defendant.

Adv. Pro. Case No. 10-03304 (MG)

MARIANNE T. O'TOOLE, as Distributing
Agent for the Estates of Trinsum Group, Inc.
and Integrated Finance Ltd, LLC,

                         Plaintiff,

      v.

PETER KONTES,

                     Defendant.

Adv. Pro. Case No. 10-03305 (MG)

MARIANNE T. O'TOOLE, as Distributing
Agent for the Estates of Trinsum Group, Inc.
and Integrated Finance Ltd, LLC,

                         Plaintiff,

      v.

D. STEWART LADE,

                     Defendant.

Adv. Pro. Case No. 10-03306 (MG)

| | |
|---|---|
| MARIANNE T. O'TOOLE, as Distributing Agent for the Estates of Trinsum Group, Inc. and Integrated Finance Ltd, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BRUNO MATHIEU,<br><br>Defendant. | Adv. Pro. Case No. 10-03307 (MG) |
| MARIANNE T. O'TOOLE, as Distributing Agent for the Estates of Trinsum Group, Inc. and Integrated Finance Ltd, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN McDERMOTT,<br><br>Defendant. | Adv. Pro. Case No. 10-03308 (MG) |
| MARIANNE T. O'TOOLE, as Distributing Agent for the Estates of Trinsum Group, Inc. and Integrated Finance Ltd, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LEROY J. MERGY,<br><br>Defendant. | Adv. Pro. Case No. 10-03310 (MG) |

|  |  |
|---|---|
| MARIANNE T. O'TOOLE, as Distributing Agent for the Estates of Trinsum Group, Inc. and Integrated Finance Ltd, LLC, | |
| Plaintiff, | Adv. Pro. Case No. 10-03312 (MG) |
| v. | |
| MICHAEL POPIEL, | |
| Defendant. | |
| MARIANNE T. O'TOOLE, as Distributing Agent for the Estates of Trinsum Group, Inc. and Integrated Finance Ltd, LLC, | |
| Plaintiff, | Adv. Pro. Case No. 10-03313 (MG) |
| v. | |
| RONALD S. RUOTOLO, | |
| Defendant. | |
| MARIANNE T. O'TOOLE, as Distributing Agent for the Estates of Trinsum Group, Inc. and Integrated Finance Ltd, LLC, | |
| Plaintiff, | Adv. Pro. Case No. 10-03314 (MG) |
| v. | |
| JOSEPH R. SHALLECK, | |
| Defendant. | |

MARIANNE T. O'TOOLE, as Distributing
Agent for the Estates of Trinsum Group, Inc.
and Integrated Finance Ltd, LLC,

                            Plaintiff,

       v.

RONALD LANGFORD,

                           Defendant.

Adv. Pro. Case No. 11-01289 (MG)

MARIANNE T. O'TOOLE, as Distributing
Agent for the Estates of Trinsum Group, Inc.
and Integrated Finance Ltd, LLC,

                            Plaintiff,

       v.

BRIAN BURWELL,

                           Defendant.

Adv. Pro. Case No. 11-01291 (MG)

MARIANNE T. O'TOOLE, as Distributing
Agent for the Estates of Trinsum Group, Inc.
and Integrated Finance Ltd, LLC,

                            Plaintiff,

       v.

JAMES McTAGGART,

                           Defendant.

Adv. Pro. Case No. 11-01292 (MG)

### MEMORANDUM OPINION GRANTING DISTRIBUTING AGENT'S MOTION TO APPROVE SETTLEMENT

*A P P E A R A N C E S :*

SILVERMANACAMPORA LLP
*Counsel for Marianne T. O'Toole, Distributing Agent*
        *of Trinsum Group, Inc., et al.*
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
By:     Gerard R. Luckman, Esq.
        Jay S. Hellman, Esq.

ROSEN & ASSOCIATES, P.C.
*Counsel for Roberto G. Mendoza and David H. Deming*
747 Third Avenue
New York, New York 10017-2803
By:     Sanford P. Rosen, Esq.
        Jeffrey S. Davis, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the motion (the *"Motion"*) of Marianne T. O'Toole (the "Distributing Agent"), pursuant to Bankruptcy Rule 9019(a), to approve a settlement agreement (the "Settlement") between the Distributing Agent and each of the following defendants: (i) The Estate of William Alberts, *et al.* (Adv. Proc. 10-03282, ECF Doc. # 27); (ii) Eric Armour (Adv. Proc. 10-03299, ECF Doc. # 27); (iii) The Estate of Craig Best, *et al.* (Adv. Proc 10-03300, ECF Doc. # 31); (iv) Dominic Dodd (Adv. Proc. 10-03301, ECF Doc. # 20); (v) Paul F. Favaro (Adv. Proc. 10-03302, ECF Doc. # 26); (vi) Michael Scott Gillis (Adv. Proc 10-03303, ECF Doc. # 22); (vii) Ramesh Karnani (Adv. Proc. 10-03304, ECF Doc. # 63); (viii) The Estate of Peter W. Kontes, *et al.* (Adv. Proc. 10-03305, ECF Doc. # 63); (ix) D. Stewart Lade (Adv. Proc. 10-03306, ECF Doc. # 28); (x) Bruno Mathieu (Adv. Proc. 10-03307, ECF Doc. # 34); (xi) John McDermott (Adv. Proc. 10-03308, ECF Doc. # 28); (xii) Leroy J. Mergy (Adv. Proc. 10-03310, ECF Doc. #

25); (xiii) Robert S. Ruotolo (Adv. Proc. 10-03313, ECF Doc. # 65); (xiv) Joseph

Shalleck (Adv. Proc. 10-03314, ECF Doc. # 25); (xv) Eugene Shanks; (xvi) Brian

Burwell (Adv. Proc. 11-01291, ECF Doc. # 20); (xvii) Ronald Langford (Adv. Proc. 11-

01289, ECF Doc. # 20); (xviii) Michael Popiel, (xix) The Estate of Simon Ozanne, *et al.,*

(xx) Kenneth R. Favaro, and (xxi) James McTaggart (Adv. Proc 11-01292, ECF Doc. #

20), (collectively the "Defendants").  The Settlement seeks approval of a "global

settlement," resolving twenty adversary proceedings brought by the Distributing Agent

against defendants, either on the basis of avoidance actions, or director and officer

liability.  The Settlement will result in a $2,575,000 payment from an insurer of the

defendants to the Distributing Agent.

One limited objection was filed on behalf of Roberto G. Mendoza ("Mendoza"

and David H. Deming ("Deming") (the "Mendoza and Deming Objection" or the

"Limited Objection," ECF Doc. # 471)—two former directors of Integrated Finance

Limited who later became directors of Trinsum Group, Inc. after an acquisition—

requesting that the order entered by the Court: (i) not contain any finding that the D&O

Adversary Proceeding (as defined below) was filed in "good faith" and (ii) preserve their

rights to enforce the terms and conditions of the insurance policy that relates to coverage

for their defense costs.  Mendoza and Deming were named defendants in the adversary

proceeding against officers and directors (Adv. Pro. No. 11-01284), but the claims

against them were dismissed by the bankruptcy court with prejudice in the *Opinion*

*Concerning Motions to Dismiss Amended Complaint*, dated January 20, 2012 (Arthur J.

Gonzalez, Chief Bankruptcy Judge), Adv. Pro. # 11-01284, ECF Doc. ## 133 ("Dismissal

Opinion"), 141 (Order).  The Distributing Agent has appealed the dismissal, but the

appeal has not been prosecuted while a global settlement was pursued.  Mendoza and

Deming have chosen not to settle the action, since they prevailed on their motion to

dismiss in the bankruptcy court and believe they are without any fault in any of their

conduct.  Settlement negotiations proceeded without them; Mendoza and Deming

nevertheless benefit from the Settlement, even without being parties to it, because (i) the

Distributing Agent will withdraw her appeal of the bankruptcy court's dismissal of the

claims against all of the officers and directors, including Mendoza and Deming, (ii) the

Settlement will expedite the recovery of covered legal defense costs from the directors'

insurer, and (iii) the Distributing Agent and the settling defendants are barred and

enjoined from asserting additional claims against Mendoza and Deming.  The bar order

and injunction will prevent Mendoza and Deming from asserting any claims against the

Distributing Agent, the settling defendants or the insurer, although counsel to Mendoza

and Deming has not identified any causes of action they otherwise intend to pursue, and

counsel previously stated on the record that they did not object to the entry of the

injunction and bar order.[1]

    The Distributing Agent filed the Declaration of Jay S. Hellman in further support

of the Motion (the "Hellman Declaration," ECF Doc. # 472) and in response to the

Limited Objection.

---

[1]    The Limited Objection makes very little sense, other than in a purely abstract way, at best.
Referring to one of numerous hearings in which the Court encouraged the parties to settle all disputes, the
Limited Objection states:  "This Court suggested a resolution whereby the Distributing Agent would seek
an order of this Court not only approving the settlement but also providing an injunction barring all
defendants, including Mendoza and Deming, from asserting claims against the Insurer (and Distributing
Agent). *Counsel for Mendoza and Deming advised the Court that they would not object to the entry of
such order.*  Such advice was not, as the Distributing Agent suggests, a consent to the settlement itself."
Limited Objection ¶ 8 (emphasis added).  But as Mendoza and Deming are not parties to the Settlement,
their "consent to the settlement itself" is not required.

Because the proposed Settlement represents an appropriate exercise of the Distributing Agent's business judgment and falls above the lowest point in the range of reasonableness, the Court **GRANTS** the Motion, overrules the Mendoza and Deming Limited Objection, and expressly finds that the Settlement (including the related Injunction and Bar Order) is fair, reasonable and equitable, and in the best interests of the estates. The Court also concludes that it has subject matter jurisdiction to enter the Injunction and Bar Order included in the Settlement.

The Settlement does not affect the rights of Mendoza and Deming to recover their defense costs; and, contrary to their counsel's argument that a "good faith" finding is neither required nor appropriate in the circumstances, the Court concludes that the requirement of such a finding is material to the approval of the settlement since the request for the finding is designed to protect the Distributing Agent from further claims, such as malicious prosecution for having filed the adversary proceedings in the first place. The Court determines that the good faith finding is supported by the uncontroverted evidence in the record.

## I.  BACKGROUND

On July 3, 2008, an involuntary petition was filed against Trinsum Group Inc. ("Trinsum") as successor in interest by merger of Marakon Associates, Inc. ("Marakon") and Integrated Finance Limited, LLC ("**IFL**"). On January 29, 2009, the Court converted the case to a case under chapter 11. On November 10, 2010, an Order confirming the Debtors' First Modified Joint Plan of Liquidation was entered and Marianne T. O'Toole was appointed as the Distributing Agent. The Plan has not yet become effective. The

Settlement that is the subject of the pending Motion is essential to the effectiveness of the confirmed plan.

In January 2011, the Debtors commenced adversary proceedings against certain Defendants under section 544 and 548, New York Debtor & Creditor Law, and New York common law. The avoidance actions were premised on payments from Trinsum to the various defendants under subordinated promissory notes Trinsum gave to the defendants in exchange for the return of shares of Trinsum stock (the "Noteholder Claims"). The Noteholder Claims were asserted in separate adversary proceedings against the defendants that received the Notes (the "Noteholder Adversary Proceedings").[2]

The Distributing Agent also commenced an adversary proceeding (together the "D&O Claims") against certain of the former directors of Marakon and Trinsum for breach of fiduciary duty and corporate waste in connection with (i) the merger between Marakon and IFL and (ii) the transfer of the Victoria Fund to QFR Capital Management, L.P. and QFR Capital Group LLC—which were owned by Jose Lois Daza, a Trinsum director and officer. The D&O Claims were all asserted in a single adversary proceeding (the "D&O Adversary Proceeding," Adv. Pro. No. 11-01284) against James McTaggart,

---

[2]       The Noteholder Adversary Proceedings include: Estate of William Alberts, and Patricia Alberts and Robert J. Miller in their capacities as co-executors of the estate of William Alberts (Adv. Pro. No. 10-03282); Eric Armour (Adv. Pro. No. 10-03299); Estate of Craig Best and Danilyn Rutherford in her capacity as executor of the estate of Craig Best (Adv. Pro. No. 10-03300); Estate of Simon Ozanne and Jennifer Ozanne in her capacity as executor of the estate of Simon Ozanne (Adv. Pro. No. 10-03311);3 Dominic Dodd (Adv. Pro. No. 10-03301); Paul F. Favaro (Adv. Pro. No. 10- 03302); Michael Scott Gillis (Adv. Pro. No. 10-03303); Ramesh Karnani (Adv. Pro. No. 10- 03304); Peter W. Kontes (Adv. Pro. No. 10-03305); D. Stewart Lade (Adv. Pro. No. 10-03306); Bruno Mathieu (Adv. Pro. No. 10-03307); John McDermott (Adv. Pro. No. 10-03308); Leroy J. Mergy (Adv. Pro. No. 10-03310); Michael Popiel (Adv. Pro. No. 10-03312);4 Robert S. Ruotolo (Adv. Pro. No. 10-03313); Joseph R. Shalleck (Adv. Pro. No.10-03314); Ronald Langford (Adv. Pro. No. 11-01289); Brian Burwell (Adv. Pro. No. 11-01291); and James McTaggart (Adv. Pro. No. 11-01292).

Brian H. Burwell, Ronald Langford, Kenneth R. Favaro, Jose Louis Daza, David H. Deming, Neal Kissell, Mason Kissell, Roberto G. Mendoza, Robert C. Merton, and Eugene Shanks, Jr.  Both the Noteholder Adversary Proceedings and the D&O Adversary Proceeding (the "Litigations") were heavily contested.  Judge Gonzalez, to whom all of the cases were then assigned, issued the Dismissal Opinion that is currently the subject of a pending appeal by the Distributing Agent.[3]

Prior to the filing of the involuntary petition, Illinois National Insurance Company ("Illinois National" or the "Insurer") issued a D&O and Employment Practice Liability Insurance Policy (Number 9668675, the "Policy"), under which the defendants to the Litigations sought coverage.

The Settlement is a global resolution of the Litigations, meant to avoid the uncertainty and costs of further litigation.  The terms of the Settlement require the dismissal of the Litigations and the release of all defendants in the Litigations in exchange for the payment by the Insurer of $2,575,000.00 (the "Settlement Sum"), and the issuance of a Bar Order and Injunction, enjoining the Distributing Agent and each of the defendants in the Litigations from commencing or continuing any action against each other or the Insurer.  Importantly, the Bar Order would enjoin the "third-party beneficiary non-signatories" (certain defendants in the D&O Adversary Proceedings who have elected not to join the Settlement, but who will receive the benefits of the agreement assuming the Bar Order is entered) from pursing any claims related to the Litigations against the Debtors' estate, the settling defendants, the Distributing Agent, her counsel, or the Insurer.  Mot. ¶ 37.

---

[3]         Shortly before Chief Judge Gonzalez retired from the Court, the bankruptcy case and the adversary proceedings were all transferred to me.

The Insurer has also agreed to pay Defense Costs for all defendants in the Litigations, subject to billing issues that may arise, without diminishing the Settlement Sum.[4]  The Distributing Agent argues that the Settlement is fair and reasonable and in the best interest of the estate.

The Mendoza and Deming Objection requests that the Court refrain from explicitly finding that the D&O Adversary Proceeding (the only one in which they were named as defendants) was filed in "good faith."  They also seek to preserve their rights to the repayment of defense costs covered by the insurance policy, but it is clear that the Settlement has no effect on such obligations.  The Objection argues that the Distributing Agent has not established any evidentiary basis to support a finding of good faith and, according to the Objection, such a finding is not necessary for the Court to approve the Settlement.

## II.    DISCUSSION

Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  FED. R. BANKR. P. 9019(a).  As a general matter, "[s]ettlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate."  *In re Dewey & LeBoeuf LLP*, 478 B.R. 627, 641-642 (Bankr. S.D.N.Y. 2012) (quoting *In re MF Global Inc.*, No. 11-2790, 2012 WL 3242533, at *5 (Bankr. S.D.N.Y Aug. 10, 2012); *see Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*,

---

[4]      The defendants request a "comfort order" granting relief from the stay for the limited purpose of allowing the Insurer to pay the defense costs on behalf of all defendants in the litigation, pursuant to the terms of the policy.

478 F.3d 452, 455 (2d Cir. 2007) (stating that settlements are important in bankruptcy because they "help clear a path for the efficient administration of the bankrupt estate"); 10 COLLIER ON BANKRUPTCY ¶ 9019.01 at 9019-2 (highlighting that "compromises are favored in bankruptcy").

A court must determine that a settlement under Bankruptcy Rule 9019 is fair, equitable, and in the best interests of the estate before it may approve it. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424-25 (1968); *Iridium Operating LLC,* 478 F.3d at 462; *Air Line Pilots Assoc. v. Am. Nat'l Bank & Trust Co. of Chi. (In re Ionosphere Clubs, Inc.),* 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd,* 17 F.3d 600 (2d Cir. 1994); *In re Mrs. Weinberg's Kosher Foods, Inc.,* 278 B.R. 358, 361 (Bankr. S.D.N.Y. 2002); *MF Global Inc.,* 2012 WL 3242533, at *5. In so doing, the Court need not decide the numerous issues of law and fact raised by a compromise or settlement, "but must only 'canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness.'" *In re Adelphia Commc'ns Corp.,* 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005) (quoting *In re W.T. Grant Co.,* 699 F.2d 599, 608 (2d Cir. 1983)). The Court need not "conduct a 'mini-trial'" but rather "only need be apprised of those facts that are necessary to enable it to evaluate the settlement and to make a considered and independent judgment." *Adelphia,* 327 B.R. at 159.

The decision to approve or deny a particular settlement involving a bankruptcy estate lies within the discretion of the bankruptcy court. *See Vaughn v. Drexel Burnham Lambert Grp., Inc. (In re Drexel Burnham Lambert Grp., Inc.),* 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); *see also Nellis v. Shugrue,* 165 B.R. 115, 122-23 (S.D.N.Y.

1994).  A court may exercise its discretion "in light of the general public policy favoring

settlements."  *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998)

(citing cases).  In evaluating the necessary facts, a court may rely on the opinion of the

debtor, parties to the settlement, and the professionals.  *See In re Chemtura Corp.,* 439

B.R. 561, 594 (Bankr. S.D.N.Y. 2010); *In re Purified Down Prods. Corp.,* 150 B.R. 519,

522-23 (Bankr. S.D.N.Y. 1993); *see also MF Global Inc.,* 2012 WL 3242533, at *5

(recognizing that although courts have the discretion to approve settlements, the business

judgment of the debtor in recommending a settlement should be considered).  "While the

bankruptcy court may consider the objections lodged by parties in interest, such

objections are not controlling. . . .  [T]he bankruptcy court must still make informed and

independent judgment."  *In re WorldCom, Inc., 347 B.R. 123, 137 (Bankr. S.D.N.Y.

2006).*

      In the Second Circuit, *Iridium* directs courts to balance seven interrelated factors

in determining whether a settlement is fair and equitable.  *See Iridium Operating LLC,*

478 F.3d at 462.  Those factors are:

> (1) the balance between the litigation's possibility of
> success and the settlement's future benefits;
>
> (2) the likelihood of complex and protracted litigation,
> "with its attendant expense, inconvenience, and delay,"
> including the difficulty in collecting on the judgment;
>
> (3) "the paramount interests of the creditors," including
> each affected class's relative benefits "and the degree to
> which creditors either do not object to or affirmatively
> support the proposed settlement";
>
> (4) whether other parties in interest support the settlement;

(5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement;

(6) "the nature and breadth of releases to be obtained by officers and directors"; and

(7) "the extent to which the settlement is the product of arm's length bargaining."

*Id.*

### A.    Third Party Non-Debtor Releases

A debtor is free to relinquish its right to bring claims, including derivative claims, against third parties, because those claims actually belong to the debtor. As for third-party non-debtor releases, "bankruptcy jurisdiction is appropriate over 'third-party non-debtor claims that directly affect the *res* of the bankruptcy estate.'" *Quigley Co., Inc. v. Angelos (In re Quigley Co., Inc.),* 676 F.3d 45, 53 (2d Cir. 2012) (quoting *In re Johns-Manville Corp.,* 517 F.3d 52 (2d Cir. 2008), *rev'd sub nom, Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 129 S. Ct. 2195 (2009)); *see also In re FairPoint Commcn's, Inc.,* 452 B.R. 21, 28-29 (S.D.N.Y. 2011). Moreover, as the Second Circuit stated, "while we have treated whether a suit seeks to impose derivative liability as a helpful way to assess whether it has the potential to affect the bankruptcy res, the touchstone of bankruptcy jurisdiction remains whether its outcome might have any conceivable effect on the bankruptcy estate." *Quigley*, 676 F.3d at 57 (quotations and citations omitted).

The bankruptcy court has subject matter jurisdiction to consider and approve non-debtor releases in this case because the third-party beneficiary non-signatories' claims being released against both the Insurer and Distributing Agent affect the *res* of the bankruptcy estate. It is undisputed that the insurance policy from which the Settlement

Sum is being paid is property of the estate.  With respect to claims against the Insurer

seeking either defense costs or additional recovery for claims covered under the Policy,

*Quigley* makes clear that any suit that ultimately will be paid out of an insurance policy

affects the *res* of the estate, if such a policy is property of the estate.  *Id.* at 53, 58

("Accordingly, we conclude that, where litigation of the Angelos suits against Pfizer

would almost certainly result in the drawing down of insurance policies that are part of

the bankruptcy estate of Quigley, the exercise of bankruptcy jurisdiction to enjoin these

suits was appropriate.").  With respect to the Distributing Agent, any suit against the

Distributing Agent also affects the *res* of the estate because the Distributing Agent has

indemnification rights against the estate.  Plan ¶ 10.03, ECF Doc. # 329-1 ("The

Distributing Agent shall be indemnified and held harmless, including the cost of

defending such claims and the attorneys' fees in seeking indemnification, by the estate

against any and all claims arising out of his duties under this Plan, except to the extent

her actions constitute gross negligence or willful misconduct or breach of fiduciary

duty.").  Accordingly, the Court concludes that it has jurisdiction over the third-party

beneficiary non-signatory release provisions found in the Bar Order.

Even if the third-party non-debtor claims at issue affect the property of the estate,

the Second Circuit has held that third-party non-debtor releases are "proper only in rare

cases."  *Deutsche Bank AG v. Metromedia Fiber Network, Inc. (In re Metromedia Fiber

Network, Inc.),* 416 F.3d 136 (2d Cir. 2005).  Although courts have approved non-debtor

releases in certain instances, including when the affected creditors have consented to the

release, the Second Circuit noted in *Metromedia* that "this is not a matter of factors and

prongs.  No case has tolerated nondebtor releases absent the findings of circumstances

that may be characterized as unique." *Id*. at 142.  In other words, "[a] nondebtor release

in a plan of reorganization should not be approved absent the finding that truly unusual

circumstances render the release terms important to success of the plan." *Id*. at 143.

Here, the third-party releases are integral to the global settlement.  While the

third-party beneficiary non-signatories have not consented to the *Settlement*, they have

stated that they do not object to the Court entering the Bar Order and Injunction

precluding the assertion of claims by or against Mendoza and Deming.  The assertion of

such claims would trigger insurance coverage; and the potential for the assertion of such

claims would have kept the Insurer from funding the Settlement.  Under these

circumstances, the Court concludes that the inclusion of the Bar Order and Injunction are

appropriate, and dictated by the unique circumstances of this global settlement that resolves

twenty adversary proceedings and enables the previously confirmed Chapter 11 Liquidation

Plan to become effective, thereby enabling the long-delayed distributions to creditors.

Mendoza and Deming have not identified any specific harm they will suffer if this Settlement

is approved, and no harm to them is apparent to the Court (or identified by their counsel).

### B.   The Adversary Proceedings Were Filed in Good Faith

The requested good faith finding by the Distributing Agent is material and necessary

to the Settlement—without it, there could be no assurance that the global settlement would

indeed result in a global resolution of all of the claims asserted in the twenty adversary

proceedings and in the pending appeal.  The evidence in the record regarding good faith in

bringing the D&O Adversary Proceeding consists of the pleadings (complaint, amended

complaint, motions to dismiss, responses and replies thereto), the Dismissal Opinion, and the

Hellman Declaration, ECF Doc. # 472, filed in further support of the Motion and in

response to the Limited Objection.  No evidence to the contrary was offered in the

Limited Objection.  Based on that record, the Court has no difficulty concluding that the

D&O Adversary Proceeding was filed in good faith.  The Court reaches the same conclusion

in relation to the remaining adversary proceedings, as to which no objection to the good faith

finding has been raised.  The fact that the adversary proceedings were filed in good faith does

not, of course, mean that the claims would ultimately prevail on the merits.  Judge Gonzalez

dismissed the claims against Mendoza and Deming (and the other directors) with prejudice.

That result does not equate to a determination that good faith was absent when the complaint

was filed.  The Hellman Declaration establishes that the Distributing Agent and her

professionals made a reasonable investigation before filing the complaint.  Nothing in the

pleadings (including with respect to the motions to dismiss) or in the Dismissal Opinion

supports the argument that the adversary proceeding was not filed in good faith.

### C.  The Settlement Is Fair, Reasonable and in the Best Interest of the Estates

The Court concludes that the Settlement is fair, reasonable and in the best

interests of the estates.  The Court concludes that it has jurisdiction to enter the Injunction

and Bar Order that are included in the Settlement.  The insurance policy that is funding

the Settlement is property of the estate.  Absent the Injunction and Bar Order it would

simply not be possible to bring an end to the protracted adversary proceedings that have

been the subject of numerous proceedings in the bankruptcy court, under two different

bankruptcy judges, and that are the subject of the pending appeal in the district court.

The Limited Objection filed by counsel for Mendoza and Deming fails to contest any

significant issues.  The Court finds that the uncontroverted record establishes that the

adversary proceedings were filed and prosecuted by the Distributing Agent in good faith,

even though the claims against Mendoza and Deming were dismissed with prejudice.

The Settlement will bring $2,575,000.00 into the estate, resolve the expense of twenty

adversary proceedings and related appeals, and enable the confirmed liquidation plan to become effective.

Applying the *Iridium* factors, to the extent applicable in the circumstances, the Court concludes that the Settlement should be approved. *See Iridium Operating LLC,* 478 F.3d at 462. In this case, (i) the delay and expense is readily apparent as is the uncertainty of success (evidenced by the appeals); (ii) an overwhelming majority of parties in interest support the settlement, and the only objectors do not object to the settlement, but rather the manner in which the Court approves the settlement; (iii) while the settlement provides for broad releases—releasing all defendants claims against the estates, the Distributing Agent, her counsel, and the Insurer relating to the Litigations, and vice versa—all parties have either explicitly consented to the releases or implicitly agreed to the releases by stating that they do not object to the Bar Order; (iii) lastly, the Settlement was negotiated by experienced counsel, and there is no evidence to suggest it is not the product of arm's length bargaining. Thus, the Settlement is fair, equitable, and in the best interests of the estates.

The Mendoza and Deming Objection does not actually assert an objection to the Settlement or to the Bar Order, but rather objects to statements made in the Motion and in paragraph twelve of the proposed order approving the Settlement, which states, "The D&O Adversary Proceeding was filed in good faith." The Court determines based on the record that the D&O Adversary Proceeding was filed in good faith. This finding supports the inclusion of the Bar Order and Injunction in so far as they provide protection to the Distributing Agent—an essential element if the Settlement is to achieve the global peace that the parties set out to accomplish.

Nothing in the Settlement limits in any way the rights of Mendoza or Deming (or any of the settling defendants) to obtain reimbursement from the Insurer for their defense costs.  *See* Mot. ¶ 36 (stating that "the Insurer has agreed to pay Defense Costs for all defendants in the Litigations (subject, of course, to whatever billing issues may arise between or among the Insurer and counsel for the defendants), which funds will not be paid from and will not diminish the Settlement Sum").

### III.   CONCLUSION

For the foregoing reasons, the Motion is **GRANTED.**  The Limited Objection filed by Mendoza and Deming is **OVERRULED.**

A separate order in the form submitted by the Distributing Agent will be entered.

Dated:   April 30, 2013
         New York, New York

> *Martin Glenn*
> MARTIN GLENN
> United States Bankruptcy Judge